State ex rel. Haven v. Sayle, 168 Wis. 159.

poses of perfecting the appeal, but this court has no power to do so.

*By the Court.*—Appeal dismissed without costs.

OWEN, J., took no part.

STATE EX REL. HAVEN, Attorney General, Appellant, vs. SAYLE and others, Respondents.

*October 11—November 6, 1918.*

*Elections: License question: Madison city charter: Board of canvassers: De facto officers: Attorney general: Authority to bring action: Supreme court: Original jurisdiction.*

1. Where the mayor and holdover aldermen of the city of Madison, claiming in good faith to be the legal board of canvassers, met and canvassed the votes cast at a referendum election on the question of license, they constituted a *de facto* canvassing board and the canvass was valid.
2. Under the special charter of the city of Madison (ch. 36, Laws 1882) and sec. 1565a, Stats., the mayor and holdover aldermen constitute the proper canvassing board in that city, not only for the regular municipal election, but also for a referendum election on the question of license.
3. The provision in sec. 10.42 Stats., that "except as otherwise provided by law, the common council of every city shall canvass the returns and declare the result of every annual, special or referendum election held in and for such city," does not supersede or affect different provisions on that subject in special city charters.
4. The objection that the attorney general had no right to bring an action in the circuit court should be raised by demurrer.
5. Except as authorized by statute the attorney general cannot sue in the circuit court in the name of the state. or in his official capacity.
6. Sec. 3236, Stats., relating to actions by the attorney general to restrain corporations or individuals from exercising corporate rights which have never been granted, is not applicable to an action involving only the question as to which city officials should exercise a power (in this case the power to canvass the returns of an election in the city) which has been granted.

7. Such an action can be brought by the attorney general in the circuit court only on request of the governor or of one branch of the legislature.

8. Such an action, though *publici juris,* is of purely local concern and the remedy in the lower courts is ample; hence it is not within the original jurisdiction of the supreme court as that jurisdiction has been defined.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Modified and affirmed.*

This is an action in equity brought on behalf of the state on relation of the attorney general against the mayor and common council of the city of Madison to perpetually enjoin them from recounting the votes cast at a referendum election on the question of license held April 2, 1918. A preliminary injunctional order served with the complaint was dissolved upon motion based upon affidavits and the plaintiff appeals. The material facts appearing by the complaint and affidavits were in substance these: The mayor and holdover aldermen of the city, claiming to be the legal board of canvassers, met April 6, 1918, canvassed the vote, and declared the result to be that 3,995 votes were cast for license and 4,024 against. Subsequently petitions were filed in the manner required by sec. 6.66, Stats. 1917, asking for a recount of the ballots in certain precincts. In another action brought prior to the present action it was held by the circuit court for Dane county that under sec. 10.42, Stats., the common council constituted the legal canvassing board in the case of a referendum election, and in accordance with that decision the council was about to enter upon the recount when this action was commenced and a temporary injunctional order obtained.

The plaintiff claims that there has been no canvass of the vote cast at the election because the common council was the legal canvassing board and not the mayor and holdover aldermen; and that there can be no recount until there has been an original canvass made.

The special charter of the city of Madison (ch. 36, Laws 1882) provides that the mayor and holdover aldermen shall constitute the canvassing board for the regular municipal election and that "Special elections to fill vacancies, or for any other purpose, shall be held and conducted by inspectors of election, as provided by this act, and returns thereof shall be made in the same time, form and manner as of annual elections."

Sec. 1565a, Stats., provides, and has provided since 1898, that the returns of license referendum elections shall be canvassed in the manner in which other elections in such city, town, or village are canvassed.

Sec. 10.42, Stats., provides that "Except as otherwise provided by law the common council of every city shall canvass the returns and declare the result of every annual, special or referendum election held in and for such city." The question on the merits which was chiefly debated in the case was whether this latter provision of the general election law controlled or whether the provisions of the charter were still in force.

The circuit court held that the mayor and holdover aldermen constituted at least a *de facto* canvassing board whose acts had legal effect, and that the proper canvassing board in case of a referendum election was the common council, and dissolved the temporary injunctional order.

From the order of dissolution the plaintiff appeals to this court.

For the appellant there was a brief by the *Attorney General* and by *J. J. McDonald* and *Gilbert & Ela* of Madison, counsel, and oral argument by *Mr. Emerson Ela* and *Mr. McDonald.*

*William Ryan,* city attorney, for the respondents except *A. M. Peltier.*

For the respondent *Peltier* there was a brief by *Ralph W. Jackman* and *C. F. Lamb* of Madison, and oral argument by *Mr. Jackman.*

WINSLOW, C. J.   We have no doubt that the trial court was right in holding that the mayor and holdover aldermen constituted a *de facto* canvassing board.   They were in undisturbed possession of the office, assuming in good faith to exercise, and in fact exercising, all its functions, and no one even questioned their title.   Hence their canvass was valid and a recount may properly be had.   *State ex rel. Dunn v. Noyes,* 87 Wis. 340, 58 N. W. 386; *In re Woolcott.* 163 Wis. 34, 157 N. W. 553.

We are further of opinion that the provisions of the charter are not affected by the provisions of sec. 10.42, Stats., and hence that the *de facto* board was the *de jure* board as well.   Sec. 10.42 first appeared in its present shape in ch. 385, Laws 1915, which was purely a revision law having for its object not a change in the law in any respect, but simply to revise all the general laws of the state relating to local elections and embody them in a single new chapter.

Prior to this act the section in question had been sec. 925—268 of the Statutes, first appearing as sec. 268 of ch. 326, Laws 1889 (the general city charter law).   It declared simply that the council of each city should meet at a certain time and canvass and declare the result of the annual municipal election.   It did not apply to cities acting under special charters, but only to those organized under the general law.

When in the course of the topical revision of the statutes now in progress it was decided to group all the statutes relating to elections in ch. 10; this section and others relating to municipal elections were collected together by ch. 385 before mentioned, and the words "except as otherwise provided by law" were prefixed to the section, in order to make it clear that it applied, as before, to cities acting under the general charter only.   Hence the mayor and holdover aldermen constitute the proper canvassing board of the city of Madison; and this not only for the regular municipal election, but also for a referendum election such as the present,

because the charter provides for the holding of special elections and the making of returns in the same manner as annual city elections, and, furthermore, sec. 1565a, Stats., governing license referendum elections, specifically provides for the canvassing of returns as in case of other city elections.

The respondents challenge the right of the attorney general to bring this action without authority from the governor. Strictly speaking, probably this question should be raised by demurrer, but inasmuch as it has been fully briefed and argued without objection it seems proper to consider it now.

As pointed out in *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900, the powers of the attorney general are limited by statute, and he must find authority in the statute when he sues in the circuit court in the name of the state or in his official capacity.

The appellant relies on sec. 3236 of the Wisconsin Statutes, which authorizes the attorney general to bring action in the name of the state to restrain a corporation from exercising any franchise, liberty, or privilege not authorized by its charter, or to restrain individuals from exercising corporate rights, privileges, or franchises not granted to them by law.

We cannot regard this section as applicable. Its purpose is to prevent usurpation, *i. e.* the exercise of corporate powers which have never been granted. Here the power to make the canvass *has* been granted, and the only question is which city officials are empowered to exercise it.

Were the case within the original jurisdiction of the supreme court, *i. e.* were state officers charged with violation of law, and were the attorney general filing an information in equity in this court to restrain such act, the suit might be entertained simply by obtaining leave of court, but this results from the grant of prerogative jurisdiction to this court by the constitution, as explained in the case of *Att'y Gen. v.*

*Railroad Cos.* 35 Wis. 425. See, also, *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164.

While the action is *publici juris* it is purely of local concern and the remedy in the lower courts is ample, hence it is not within the original jurisdiction of this court as that jurisdiction has been defined.

Turning to the general duties of the attorney general as to actions in the lower courts, we find that "when requested by the governor or either branch of the legislature" he is to appear for the state and prosecute or defend actions in those courts in which the state is interested. Sec. 14.53, Stats. 1917.

No such request appears in the present case, nor are we referred to any other section giving him authority on his own motion to commence such an action as the present on behalf of the state in the circuit court.

Our conclusion is that such an action as the present, if brought by the attorney general in the circuit court, must be brought on request of the governor or one branch of the legislature.

Other points are made by the appellant, but are not deemed well taken and are overruled without discussion.

It follows that the injunctional order was rightly dissolved as to the mayor and holdover aldermen, but as to the newly elected aldermen it should have been retained in force, and the order appealed from must be modified accordingly.

*By the Court.*—Order modified as indicated in the opinion, and as so modified affirmed, without costs.