State v. Snyder, 172 Wis. 415.

———

STATE, Appellant, vs. SNYDER and others, Respondents.

*September 22—October 19, 1920.*

*Attorney general: Duties and powers: Right to institute actions: Workmen's compensation: Duty to defend awards of industrial commission: Action in which state is interested as party.*

1. The attorney general of Wisconsin has no common-law powers or duties; his duties spring from statute, and he must find authority in the statute when he sues in the circuit court in the name of the state or in his official capacity.

2. Under sec. 14.53, Stats., the attorney general has no power to prosecute any action in the circuit court, except in cases remanded by the supreme court, unless requested by the governor or either branch of the legislature, or in cases specifically authorized by statute, as in sec. 3236.

3. Though a provision of the workmen's compensation act requiring the attorney general to defend the awards of the

industrial commission contravenes other general provisions found elsewhere in the statute, by familiar rules of statutory construction the special provision, dealing with a particular subject, prevails over the other general provisions.

4. The statutory duty of the attorney general being to defend the awards of the industrial commission, the governor cannot impose upon him duties in conflict therewith. [*Quære,* whether the spirit of the workmen's compensation act does not suggest acquiescence on the part of the state in decisions of the industrial commission upon questions affecting the duty of the state towards its injured employees.]

5. Where, without authorization of the governor, the attorney general brought an action in the circuit court to review an award of the industrial commission in a case in which the state was interested, and the governor failed to direct him to bring the action until more than twenty days from the date of the order or award, the circuit court was without jurisdiction of the action, notwithstanding a *nunc pro tunc* direction of the governor to the attorney general to bring the action, and a motion to dismiss should have been granted. *Hammond-Chandler L. Co. v. Industrial Comm.* 163 Wis. 596, distinguished.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Action brought in the circuit court for Dane county to review an award of the *Industrial Commission.* From a judgment of that court affirming the award the state brings this appeal.

For the appellant there were briefs by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

*David C. Pinkerton* of Oshkosh, for the respondents *Snyder* and *McDonald.*

*Byron H. Stebbins* of Madison, for the respondent *Industrial Commission.*

OWEN, J.    The question that first presents itself is whether the court has jurisdiction of the action. The award of the *Industrial Commission* was made on the 14th day of June, 1919. This action was brought by the attorney

general June 20, 1919. It was brought on his own initiative, without authority from the governor. On the 17th day of November, 1919, a motion to dismiss the action was made in the circuit court. On the 7th day of November, after notice of said motion to dismiss had been given, the governor wrote the attorney general a letter in which he assumed to ratify and confirm on behalf of the state the action on the part of the attorney general in bringing the suit, and requested him, as of the date of the order and award of the *Industrial Commission,* to bring the action in the circuit court for Dane county for the review of such order and award.

In this state the attorney general has no common-law powers or duties. His duties spring from the statute, and he must find authority in the statute when he sues in the circuit court in the name of the state or in his official capacity. *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900; *State ex rel. Haven v. Sayle,* 168 Wis. 159, 169 N. W. 310. Sec. 14.53, Stats., provides that the attorney general shall

"Appear for the state and prosecute or defend all actions and proceedings, civil or criminal, in the supreme court, in which the state is interested or a party, and attend to and prosecute or defend all civil cases sent or remanded by the supreme court to any circuit court in which the state is a party; and, when requested by the governor or either branch of the legislature, appear for the state and prosecute or defend in any court or before any officer, any cause or matter, civil or criminal, in which the state or the people thereof may be in any wise interested."

If he had any power or authority to bring the instant action it was by virtue of the language just quoted. That it falls far short of conferring authority upon him to bring the action is apparent upon casual reading. He has no power to prosecute actions in the circuit court, except in cases remanded by the supreme court, unless requested by the governor or either branch of the legislature, or in cases

specifically authorized by the statute, such as sec. 3236, Stats.

Sec. 2394—22, Stats., provides that

"In any action for the review of an order or award, and upon any appeal therein to the supreme court, it shall be the duty of the attorney general, personally, or by an assistant, to appear on behalf of the commission, whether any other party defendant shall have appeared or be represented in the action or not."

This provision lays upon the attorney general the duty to defend the awards of the *Industrial Commission.* No exception is made where the state is a party. Even though this provision contravened other general provisions elsewhere found in the statutes, by familiar rules of statutory construction this special provision, dealing with a particular subject, would prevail over such other general provisions. But this provision does not contravene any other provision in the statute specifying, generally, the duties of the attorney general. His statutory duty, therefore, is to defend the awards of the *Industrial Commission,* and the governor cannot, if he would, impose upon him duties in conflict therewith. Furthermore, there is a very practical reason why the attorney general should consistently defend the *Industrial Commission.* If he is to defend the actions of the *Industrial Commission* as a general proposition and assail them when the state is adversely interested, he may easily find himself embarrassed by being forced into inconsistent positions. That very situation would arise if this case and *Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 170 N. W. 366, were concurrently pending, as, upon the merits, this case is ruled by that, as was held by the lower court. If they were pending at the same time, every argument made by the attorney general in this case would tend to impeach the action of the *Industrial Commission* in that, and every effort made by him to sustain the action of the *Commission* in that case would be against the position he

State v. Snyder, 172 Wis. 415.

seeks to maintain in this. Such a situation would be embarrassing to the attorney general and detract from the value of his services to the *Commission*. In the interest of good administration, if for no other reason, it should be avoided.

Furthermore, we may be permitted to suggest, for the consideration of the administrative and executive officers of the state, whether the spirit of the workmen's compensation act does not suggest acquiescence on the part of the state, as a general policy at least, in the decisions of the *Industrial Commission* upon questions affecting the duty of the state toward its injured employees. The state has set up this *Commission* for the administration of the act, giving it dignity by conferring upon it broad powers and limiting the right of judicial review of its acts within an exceedingly narrow scope. It has put the prestige and force of the state back of its orders and awards, by providing that in every action brought to review its awards it should be defended by the attorney general of the state. Notwithstanding the attorney general is commonly regarded as the principal law officer of the state, the legislature provided in plain and deliberate language that he should defend the *Industrial Commission* in any action brought to review its awards, without making an exception in case of an action brought for that purpose by the state, or making other provision for representation in the proceeding. That such provision was deliberate may well be believed when we consider the finality attaching to the decisions of the *Commission*. Of necessity, the duty of the state must be determined by some state officer or agency. What better agency can determine that duty than the *Commission* itself, experts and specialists in such matters? When that duty has been declared by the *Commission*, and the principal law officer of the state directed to defend it, its pronouncements, it seems to us, should be challenged by other state officers with considerable reluctance.

A motion to dismiss the action was made in the circuit court, which motion was denied on the authority of *Hammond-Chandler L. Co. v. Industrial Comm.* 163 Wis. 596, 158 N. W. 292, it being the opinion of the court that the want of authority on the part of the attorney general was comparable to the defective manner of starting an action in which the summons was signed by attorneys not resident of the state. One complete answer to that position is that a competent attorney has not yet been authorized to represent the state in this action. The attorney general is prevented by law from acting in opposition to the *Industrial Commission* and is wholly disqualified to bring or maintain this action. Furthermore, we think the situation here entirely different from the one considered in *Hammond-Chandler L. Co. v. Industrial Comm., supra.* In that case the party had made a *bona fide* effort to bring the action, but acted ineffectively because he caused the summons to be signed by attorneys who had no authority to do so. In the instant case the party is the state. In authorizing the commencement of this action it could act only through the governor. The governor did not act until November 7th. The action is required to be commenced within twenty days from the date of the order or award. Had he acted deficiently or ineffectively the case might fall within the principle of the *Hammond-Chandler Case.* But he failed to act at all. His failure to act was the failure of the state to act. The action of the attorney general was no more the action of the state than if any other unauthorized officer or employee had caused the bringing of the action. To permit the governor to act *nunc pro tunc,* as was attempted, is to enlarge the time for bringing the action and to set aside a statute of limitations. The action not having been brought within the time prescribed by statute, the court is without jurisdiction, and the motion to dismiss the action made in the lower court should have been granted.

It should be said that this disposition of the case consti-

tutes no reflection upon the attorney general. His activity in the matter was due entirely to his usual commendable fidelity to the interests of the state, which in a very general way is his client, so to speak. In the practical administration of his office he becomes imbued with the thought that it is his duty at all times to protect the state and its interests, and that where there is seeming conflict the state has first claim upon his services. His error here was very natural, and we think commendable rather than otherwise.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action.