KARKER, Appellant, v. BOARD OF UNIFIED SCHOOL DISTRICT NO. 1 OF THE CITY OF ASHLAND and others, Respondents.

*No. 342. Argued May 6, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 160.)

543

For the appellant the cause was submitted on the briefs of *Elizabeth Hawkes* of Washburn.

For the respondents there was a brief by *William E. Chase*, attorney, and *Pray, Pray & Clark* of counsel, and oral argument by *Mr. Chase* and *Mr. Dale R. Clark*, all of Ashland.

HALLOWS, C. J. Unified School District No. 1 is comprised of parts of Ashland and Bayfield counties and part of the district lies within the city of Ashland. A referendum was held at a special election on May 19, 1970, on the question of whether school-building bonds should be authorized. The clerk of the school district called six members of the school board and three members of the common council of the city of Ashland to canvass the returns of the election, which was done on May 20th. Upon a petition of Karker, a recount was conducted by the same board of canvass on May 23d, and it was determined the referendum carried by 19 votes.

This action was commenced in the circuit court to challenge the validity of the constitution of the board. The trial court concluded, and we agree, that the governing statute for a school-bond referendum is sec. 67.05 (6a) (c), Stats.,[1] which provides that such elections shall be held, conducted, and the votes counted, canvassed and returned as at an annual town election. Prior to 1965, town elections were governed by sec.

---

[1] "67.05 **Bond issues; procedure.** . . .

"(6a) SCHOOL DISTRICT BONDS, REFERENDUM. . . .

"(c) Such election shall be held and conducted and the votes cast thereat counted, canvassed and returned as at annual town elections. The polls thereat shall be open at 7 a. m. and be closed at 8 p. m."

10.62 [2] which provided that in towns which were divided in two or more election districts the members of the town board together with the town clerk constituted the board of canvassers. By ch. 666, Laws of 1965–66, this section became sec. 7.53 (2) [3] which provides that the governing body in every municipality comprised of two or more election precincts shall constitute the board of canvassers. At trial, Karker argued that sec. 7.53 (3) [4] applied and required a canvass in accordance with sec. 7.60. For a county canvass, sec. 7.60 (2) provides for a canvass by the county clerk and two reputable citizens previously chosen by him. We need not go into the reason why secs. 7.53 (3) and 7.60 do not apply since Karker has abandoned that argument on this appeal and has accepted the view of the trial judge that the school board is the only body bearing the same relationship to the school district as a town board does to its town and secs. 67.05 (6a) (c) and 7.53 (2) must be applied *mutatis mutandis*.

The main thrust of Karker's argument on appeal is that the board of canvassers was not the school board

---

[2] "10.62 **Town board of canvassers.** The members of the town board of any town divided into 2 or more election districts or a majority of them, together with the town clerk of such town, shall constitute the canvassing board of such town, except that no member of the town board and no town clerk whose election to office is involved in recount proceedings shall act as a member of such board of canvassers in such recount proceedings. . . ."

[3] "7.53 **Municipal canvass.** . . .

"(2) MUNICIPALITIES WITH 2 OR MORE PRECINCTS. The governing body in every municipality comprised of 2 or more election precincts shall canvass publicly the returns of every local election. . . ."

[4] "(3) MUNICIPAL CLERK, DUTY. The canvass of returns for other than municipal offices shall be made under ss. 7.60 and 7.70. The municipal clerk shall deliver the appropriate election materials for his municipality by 2 p. m. the day following each election."

because only six of the seven members of the school board participated, and three outsiders (councilmen of the city of Ashland) also participated. It is urged that because the board of canvassers was not properly constituted, the election is invalid.

The plaintiff in this case was confronted with the problem of choosing to bring his suit under the recount sec. 9.01, Stats., which was formerly sec. 6.66, or to disregard that remedy and commence the present suit challenging the validity of the board of canvassers. In *Clapp v. Joint School Dist.* (1963), 21 Wis. 2d 473, 124 N. W. 2d 678, we held that for defects, illegalities, irregularities, mistakes and fraud, having as their immediate effect the disqualification of a ballot or ballots, sec. 6.66, was the exclusive remedy; but the remedy covered only those matters which the board of canvassers could correct. *See also: Burke v. Madison* (1962), 17 Wis. 2d 623, 630, 117 N. W. 2d 580, 118 N. W. 2d 898. This section does not contemplate an action to try a question of legality of election as a whole nor the question of whether the board of canvassers was properly constituted. Karker argues the election process is one indivisible process from the casting of the votes to the announcement of the result and consequently there can be no valid election if the board of canvassers is improperly constituted.

While the board was not properly constituted with three members of the city council participating; nevertheless, the majority of the board of education were acting as canvassers and constituted a majority of those purporting to be the board of canvassers. The absence of participation by one member of the board of education is not significant. Joint authority given to three or more public officers or to other persons is generally construed to mean that the authority may be exercised by the majority of such persons. *See* sec. 990.001 (8), Stats. Here, the school board is the board of can-

vassers and a board can act by a majority. It is quite
true under sec. 9.01 (1) (b) 5, no one but members
of the board of canvassers can touch any of the ballots;
nevertheless, this does not render the election void
because three members of the common council were
superfluous members of the board as constituted.
This requirement is directive and the touching of the
ballots by a member of the common council did not
contaminate the votes and make them ipso facto void.
Nor does this defect cast any serious doubt upon the
legality or fairness of the election process as an orderly
and proper means of ascertaining the will of the people
entitled to vote.

Karker argues he could not use the method prescribed
by sec. 9.01, Stats., for recounting and determining
the validity of specific ballots because a valid recount
requires a properly constituted board of canvassers. He
alleges in his complaint that because the board was
illegally constituted he was also foreclosed from appeal-
ing from the action of the board of canvassers to correct
errors it made and which, when corrected, would change
the result of the referendum. Assuming without de-
ciding the merits of this argument, it does not follow
the entire election is void. We think that while the
board of canvassers as constituted was invalid, the six
members of the school board were acting de facto as
a board of canvassers even though the composition of
the board was questioned. The case of *State ex rel.
Haven v. Sayle* (1918), 168 Wis. 159, 169 N. W. 310,
should not be read so narrowly to prevent the de facto
status from arising because the board's composition was
questioned at the last minute. *See also: Burton v. State
Appeal Board* (1968), 38 Wis. 2d 294, 156 N. W. 2d
386; *State ex rel. Reynolds v. Smith* (1964), 22 Wis. 2d
516, 126 N. W. 2d 215.

The validity of an election is not necessarily destroyed
because of the participation of other persons on the

board of canvassers without a showing of fraud, bad faith, or a change in result. 29 C. J. S., *Elections,* p. 633, sec. 222, and p. 635, sec. 225. The canvassing and recounting of the returns of an election being a ministerial function, an irregularity in respect thereto can have no controlling effect on the election if the will of the majority of the voters as expressed in the election is ascertainable. 26 Am. Jur. 2d, *Elections,* p. 125, sec. 302; *see also: People v. Green* (1914), 265 Ill. 39, 106 N. E. 504.

But Karker contends the result of the election would have been different with a properly constituted board. This is a conclusion in the pleading. Karker alleges he attended the recount by the board so he must have some specific knowledge of what ballots he considers should be counted which were not and what ballots were counted that he considers should not have been. All he alleges is that the "illegal, invalid and irregular conduct" of the board has foreclosed him from an appeal to correct the recounting. It is the burden of Karker in these circumstances to allege specifically and factually how the result of the election would be different because of the irregularity in the construction of the board of canvassers; not having done so, the dismissal of his case by the court below must be affirmed.

*By the Court.*—Judgment affirmed.