STATE, Respondent, v. TRIMBELL, Appellant.*

*No. State 221. Argued June 4, 1974.—Decided June 28, 1974.*
(Also reported in 219 N. W. 2d 369.)

* Motion for rehearing denied, without costs, on August 1, 1974.

For the appellant there were briefs by *Howard B. Eisenberg,* state public defender, and *Richard M. Sals,* assistant state public defender, and oral argument by *Mr. Sals.*

For the respondent the cause was argued by *Christine M. Wiseman,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J.   Three questions are asked by this appeal regarding the two convictions—one for possession of hashish with intent to deliver; [1] and the other for possession of opium with intent to deliver. [2]

I.   *Was the evidence sufficient to sustain the jury verdict, as to the "knowing possession" of hashish and opium by the defendant?*

Was the jury entitled to infer knowing possession of hashish and opium on the basis of the evidence introduced at trial?  That is the standard and that is the test laid down in a recent case, *State v. Christel,* [3] affirming a conviction for possession of marijuana.  As the statute there provided [4] and as *Christel* makes clear, the prosecution must prove not only that the defendant is in possession of a dangerous drug, ". . . but also that he knows or believes that he is. . . ." [5]  Such knowledge or belief may be shown circumstantially by conduct, directly by

---

[1] Secs. 161.41 (1m) and 161.41 (1m) (b), Stats.

[2] Secs. 161.41 (1m) and 161.41 (1m) (a), Stats.

[3] (1973), 61 Wis. 2d 143, 211 N. W. 2d 801.

[4] *See:* Sec. 161.30 (12) (d), Stats. 1969.

[5] *State v. Christel, supra,* at page 159.

admission, or indirectly by contradictory statements from which guilt may be inferred.[6] In *Christel*, this court held that the jury ". . . was entitled to infer knowing possession on the basis of the evidence that Suzor, who did not reside at the apartment to which the package was delivered, signed for the package even though he was not the addressee, and then left the apartment with the package, in the company of Christel, who had arrived just moments earlier." This court held, in *Christel*, "This inference is justified for the reason that normally one does not purport to sign for a package addressed to someone else, and then depart the premises with the package in one's possession, particularly when the addressee of the package is not on the premises when the package is delivered." [7]

Both as to possession of hashish and opium, the facts in the case before us, warranting an inference of knowing possession, are far stronger than the single fact relied upon in *Christel*. They include (1) the defendant's knowing the sender, and expecting a package from him; (2) the earlier receipt of a package from the same sender containing hashish; (3) the package being mailed to defendant's sister at her address, with the earlier mailing made by the same sender to defendant's parents; (4) the defendant's dissembling to his sister as to the nature of the package's contents; (5) the defendant's having been told by the sender, who used a pseudonym as a return address name, that he might send defendant some hashish; and (6) the defendant's prompt traveling to his sister's residence to pick up the package, when he was informed that it had arrived. As one court has put it, ". . . It could not be one of those rare instances where one may receive and accept a package unanticipated from

[6] *Id.* at page 159.
[7] *Id.* at page 159.

an unknown sender." [8] While cases in point appear to deal with possession of one illegal substance rather than two,[9] the facts which warrant an inference of knowing possession of one illegal substance here support the jury-drawn inference that the defendant knowingly possessed two illegal substances. The probabilities more than adequately support the inference of knowing possession on the part of the defendant as to both hashish and opium.

II. *Was the evidence sufficient to sustain the jury verdict, finding the defendant possessed the hashish and opium "with intent to deliver?"*

Was the jury here entitled to infer that the defendant possessed the hashish and opium with intent to deliver? In determining whether such inference as to intent may be drawn, courts generally give weight to the quantity and monetary value of the substance possessed.[10] In this state it is statutorily provided that, ". . . Intent under this subsection may be demonstrated by . . . evidence of the quantity and monetary value of the substances pos-

[8] *People v. Reisman* (1971), 29 N. Y. 2d 278, 287, 277 N. E. 2d 396, 327 N. Y. Supp. 2d 342, certiorari denied, 405 U. S. 1041, 92 Sup. Ct. 1315, 31 L. Ed. 2d 582.

[9] *See: Id.* at page 285, 286, 287; *Petty v. People* (1968), 167 Colo. 240, 245, 447 Pac. 2d 217; *State v. Offord* (1973), 14 Ore. App. 195, 512 Pac. 2d 1375, 1376.

[10] *See: United States v. Mather* (5th Cir. 1972), 465 Fed. 2d 1035, 1038, certiorari denied, 409 U. S. 1085, 93 Sup. Ct. 685, 34 L. Ed. 2d 672; holding possession of 197.75 grams of heroin worth $2,500 sufficient to warrant inference of possession with intent to distribute; *United States v. Echols* (8th Cir. 1973), 477 Fed. 2d 37, 40, certiorari denied, 414 U. S. 825, 94 Sup. Ct. 128, 38 L. Ed. 2d 58, holding possession of 199.73 grams of cocaine worth $200,000 sufficient to warrant inference of possession with intent to distribute; *United States v. Contreras* (2d Cir. 1971), 446 Fed. 2d 940, 942, holding possession of 690 grams of cocaine hydrochloride that was 17.7 percent pure sufficient to warrant inference of possession with intent to distribute.

sessed . . . ." [11] In *Christel,* an inference of possession with intent to sell or deliver was upheld where the defendant possessed marijuana with a street value of $35,000. [12] In a very recent case, *State v. Gedko,* the inference of possession with intent to sell or deliver was upheld where the defendants possessed about sixty pounds of marijuana with a street value of $8,000 to $12,000. [13] In the case before us, the defendant possessed one pound of hashish and one pound of opium. The hashish was tested and testified to be of "high quality." The opium was analyzed at the state crime laboratory and found to be almost 100 percent pure. The hashish was estimated to be worth $2,000 to $4,000 on the street or black market. The opium was estimated to be worth from $20,000 to $24,000 on the street or black market. The evidence here as to the quantity and value of the substances possessed by the defendant more than adequately warrant the jury inference that the defendant's possession of them was with intent to deliver.

III. *Should the lesser and included offense of simple possession of hashish and opium have been submitted to the jury?*

Was the trial court in this case required to submit to the jury the lesser and included offenses of simple possession of hashish and opium? Secs. 161.41 (2r) (a) and (3), Stats., respectively, prohibit possession of hashish and opium. This is a lesser offense, not requiring proof of intent to deliver, and it is an included offense, not requiring proof of any fact other than those which must be proved to establish possession with intent to deliver. [14] The rule in this state is that " '. . . to justify the sub-

[11] Sec. 161.41 (1m), Stats.

[12] *State v. Christel, supra,* at page 159.

[13] (1974), 63 Wis. 2d 644, 218 N. W. 2d 249.

[14] *See:* Sec. 939.66 (1), Stats.

mission for conviction of a lesser offense included in a greater crime there must be some reasonable ground in the evidence for a conviction of the lesser offense and an acquittal of the greater offense. . . .' " [15] Of this rule, this court has said, ". . . The key word is 'reasonable.' If the evidence in one reasonable view would suffice to prove the guilt of the higher degree of crime beyond a reasonable doubt and if under a different but reasonable view the evidence would be sufficient to prove the guilt of the lesser offense beyond a reasonable doubt and also leave a reasonable doubt as to some element included in the higher degree but not in the lesser, the court could and should submit both degrees or offenses. . . ." [16]

Is there here a different but reasonable view of the evidence that would establish guilt as to the lesser offense of a simple possession beyond reasonable doubt and also leave a reasonable doubt as to the element of intent to deliver, which is included in the greater offenses charged but not in the lesser offenses of simple possession of hashish and opium? We hold that there is not. In *Gedko,* this court said of the two defendants' possessing $8,000 to $12,000 worth of marijuana, ". . . It is hardly reasonable to believe that these defendants would have that amount in their possession for their own personal use. . . ." [17] With the single defendant here having in his possession $2,000 to $4,000 worth of hashish and $20,000 to $24,000 worth of opium, we hold it entirely unreasonable to believe that this defendant, an admitted user of hashish but not opium, would have these quantities and values of illegal drugs in his possession for purposes

[15] *Holmes v. State* (1974), 63 Wis. 2d 389, 400, 217 N. W. 2d 657, quoting *State v. Melvin* (1970), 49 Wis. 2d 246, 252, 181 N. W. 2d 490, and *State v. Bergenthal* (1970), 47 Wis. 2d 668, 675, 178 N. W. 2d 16.

[16] *Id.* at page 400.

[17] *State v. Gedko, supra,* at page 650.

other than sale or delivery to others. Additionally, other probative evidence on the issue of intent was discussed by this court, including ". . . the activities and antics of the defendants when they were fearful that they might be apprehended by hiding some and attempting to burn the rest of the marijuana in an effort to destroy incriminating evidence. . . ." [18] Equally probative in the case before us is the evidence earlier discussed concerning (1) the mailing of the package to the home of defendant's sister; (2) defendant's dissembling as to the nature of the contents; (3) the defendant's knowing the sender, and expecting a package from him; (4) the earlier mailing of a controlled substance by the sender to defendant; and (5) defendant's prompt pickup of the package when he was informed it had arrived at his sister's home. Given the quantity, quality and value of the hashish and opium here involved, plus the surrounding circumstances above listed, we hold that the trial court here was not required to instruct or submit to the jury the lesser and included offenses of simple possession as alternative verdicts.

*By the Court.*—Judgment affirmed.

---

[18] *Id.* at page 650.