**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 4, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP212-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF100

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CHELSEA JO HOWELL,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Crawford County: LYNN M. RIDER, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Chelsea Jo Howell appeals a judgment of conviction. Howell argues that the evidence was insufficient to support the jury's guilty verdict for possession of methamphetamine. More specifically, Howell argues that the evidence was insufficient for the jury to reasonably infer that she possessed the methamphetamine knowingly, as is required for a finding of guilt. We affirm.

## Background

¶2     The possession charge against Howell arose out of a traffic stop involving Howell and Howell's friend, who was driving Howell's vehicle. The police officer who conducted the stop testified at trial, and so did Howell.

¶3     The officer testified that, after initiating the stop and upon speaking with Howell's friend, he could detect an odor of raw marijuana coming from the vehicle. Both Howell and her friend denied that there was a smell, and they also both denied that there was marijuana in the vehicle. The officer conducted a search of the vehicle and found a medical marijuana container in the center console that contained marijuana "shake." Additionally, the officer found marijuana shake in the back of the vehicle. The officer called a "K9" officer to the scene, and the drug-sniffing dog provided a positive alert for the odor of narcotics in the vehicle.

¶4     Upon further search of the vehicle, the officer located a purse on the floor near the seat where Howell had been sitting. Inside the purse, the officer found two small plastic containers. He opened the containers and observed a white crystalized substance that was lining the inside. The amount was very small but enough for the officer to collect and conduct a field test on the substance. Based on his training and experience, the officer suspected the substance was

indicative of crystal methamphetamine, and the field test yielded a positive result for the drug.[1]

¶5      The officer questioned Howell about the containers in the purse. He asked what was in them, and Howell said she had "no idea." He then asked what the containers would test positive for, and Howell said "I don't know." She told the officer that the purse was a new purse that she got from a friend or at a garage sale.

¶6      When Howell testified, she admitted that she had put the containers in her purse and that the story she told the officer about getting the purse at a garage sale was false. Howell testified that she "freaked … out" when the officer informed her there were drugs in the containers and she "didn't want to get anybody in trouble," so she said the first thing that popped into her head.

¶7      Howell continued to maintain that she was unaware of any drugs in the containers, testifying that she thought they were empty. She testified that she found the containers in her vehicle after loaning the vehicle to her friend on a long-term basis. Howell stated that her friend had returned the vehicle earlier in the day on the same day they were stopped. She said that she found the containers while cleaning out the vehicle, and that she put them in her purse because she thought she could use them for medications. Howell stated that she did not open the containers, and that she believed they were empty based on shaking them.

---

[1] State Crime Lab testing later confirmed that the substance in the containers was positive for methamphetamine.

*Discussion*

¶8 An appellate court reviewing whether the evidence is sufficient to support a conviction "may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). "If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it." *Id.*

¶9 "[N]o minimum quantity of a controlled substance is necessary to sustain a conviction for possession." *Id.* at 508. "However, to convict an individual of possession of a controlled substance, the state must prove not only that the defendant was in possession of a dangerous drug but also that the defendant knew or believed that he or she was." *Id.*

¶10 Howell does not dispute that she was in possession of the methamphetamine in the containers. She contends only that the evidence was insufficient to show that she knew or believed that she was. Howell asserts that it was "undisputed" that she found the containers in her vehicle after loaning it to her friend, that she did not open the containers before placing them in her purse, and that she believed the containers were empty. Howell contends that the State failed to provide any evidence showing that she knew that the containers contained methamphetamine. We disagree.

4

¶11 "[K]nowledge or belief may be shown circumstantially by conduct, directly by admission, or indirectly by contradictory statements from which guilt may be inferred." *State v. Trimbell*, 64 Wis. 2d 379, 384-85, 219 N.W.2d 369 (1974). Similarly, as the jury was instructed, knowledge may be found "from the [d]efendant's acts, words or statements, if any, and from all the facts and circumstances in this case bearing upon knowledge or belief." *See* WIS JI—CRIMINAL 6030.

¶12 Having considered the evidence here, we conclude that the jury could reasonably infer based on all of the facts and circumstances that Howell knew that she was in possession of methamphetamine. The containers were in Howell's purse, and the officer's testimony established that they contained a very small but readily observable amount of the drug. Further, Howell's false story to the officer regarding her purse supported an inference of guilty knowledge regarding the contents of the containers inside. Given this evidence and the other evidence described, the jury could reasonably infer that Howell knew what was in the containers. The jury was free to reject Howell's testimony to the contrary.[2]

¶13 Howell argues that, although her false story about her purse may support a permissible inference of guilty knowledge, the false story is insufficient standing alone to prove knowledge. She points to several cases as support for this argument. For example, the court in *State v. Kreuser*, 91 Wis. 2d 242, 280 N.W.2d 270 (1979), stated:

---

[2] The parties dispute whether the facts here are more like the facts in *State v. Poellinger*, 153 Wis. 2d 493, 451 N.W.2d 752 (1990), in which a possession conviction was upheld, or instead more like the facts in *Kabat v. State*, 76 Wis. 2d 224, 251 N.W.2d 38 (1977), in which a possession conviction was overturned. We are not persuaded that the facts of Howell's case are so similar to those in either *Poellinger* or *Kabat* as to make either case dispositive.

> [T]here is a permissible inference that the untruth of the defendant's story as to how he acquired the vehicle shows his guilty knowledge that the vehicle was stolen. *Edwards v. State*, 46 Wis. 2d 249, 174 N.W.2d 269 (1970). To be sure, this negative inference will not carry the burden of proof beyond a reasonable doubt establishing the element of guilty knowledge. *Peters v. State*, 70 Wis. 2d 22, 233 N.W.2d 420 (1975). However, it will support an inference of guilt in combination with other inferences drawn from other facts.

*Id.* at 249; *see also Stewart v. State*, 83 Wis. 2d 185, 194-95, 265 N.W.2d 489 (1978) (fabrication of alibi did not support conviction without other proof of guilt); *Edwards*, 46 Wis. 2d at 252-53 (refusal to reveal to police how a vehicle was obtained did not, standing alone, provide sufficient proof of defendant's knowledge that vehicle was stolen).

¶14 Relying on these cases, Howell argues that any negative inference the jury could draw from her false story regarding her purse is unsupported by other evidence. We disagree.

¶15 As we have explained, the jury heard other evidence to support a finding of knowledge, including the unrefuted evidence that the containers in Howell's purse contained a visible amount of methamphetamine. Although the amount was very small, it was enough for the officer to visually identify and field test. Further, apart from Howell's false story regarding her purse, the jury heard other evidence that bore on Howell's credibility, including the officer's testimony that he smelled and found marijuana in Howell's vehicle while Howell denied the smell or presence of marijuana.

¶16 In sum, for the reasons stated above, we conclude that the evidence was sufficient to support Howell's conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).