THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY
JAMES, Defendant-Appellant.
Second District (1st Division)   No. 74-292

Opinion filed May 26, 1976.

Peter M. Donat, of Batavia, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Edward N. Morris, of
Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of
the court:

Following a jury trial, the defendant was convicted of the offense of
unlawful delivery of a controlled substance containing lysergic acid
diethylamide (LSD) in violation of section 401(a)(8) of the Controlled
Substances Act of Illinois (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(a)(8)),
and sentenced to 4 years to 4 years and 1 day in the penitentiary. He
appeals, contending that the Controlled Substances Act is uncon-
stitutional. Alternatively he contends that he was not proven guilty be-

yond a reasonable doubt of the knowing delivery of the controlled substance and further that the penalty is excessive.

Defendant's argument on constitutional grounds is based upon the reasoning that the concept of assessing penalties on the weight of the substance containing the controlled substance rather than on the relative amount of the prohibited substance violates defendant's due process rights under both the Federal and the State constitutions. Defendant also challenges the constitutionality of the penalties under section 401(a) which provides that upon conviction of the offense involving 30 grams or more of any substance containing LSD the defendant is guilty of a Class 1 felony with the additional requirement of a nonprobationable 4-year minimum sentence. He argues that this constitutes cruel and unusual punishment under the Eighth Amendment of the Federal Constitution and offends the provision of the Illinois Constitution which requires penalties to be determined according to the seriousness of the offense (Ill. Const. 1970, art. I, §11). The first of these contentions has now been ruled on by the Illinois Supreme Court adversely to defendant's position. See *People v. Mayberry*, 63 Ill. 2d 1, 8-10 (1976).

■■ Defendant's argument on the merits of the conviction is two-pronged. First he argues that the word "knowingly" when used in defining a Class 1 felony under section 401(a) of the Controlled Substances Act requires that a defendant know the particular controlled substance he is charged with delivering or at least know the nature or potential of the substance in order to fulfill all of the elements of the crime. He then argues that proof does not show beyond a reasonable doubt that defendant knowingly delivered over 30 grams of LSD since he claims that all of the evidence shows that he thought he was selling mescaline.

It appears from the record that on or about January 21, 1974, an informer, Roger Anderson, introduced Leo DeFranco, a special agent for the Drug Enforcement Administration to the defendant for the purpose of arranging for the buying and selling of narcotic drugs. On January 27, 1974, the defendant gave the informant a free sample of mescaline to be delivered to DeFranco in anticipation of a later sale. On the following day Anderson gave the sample to DeFranco and advised him that James was willing to sell him 2,000 "hits" of mescaline for $1,000. A meeting was arranged at which defendant said he had sold 200 hits of mescaline to someone and that he would sell 100 hits per 2½ grams of mescaline to the agent. The transaction was consummated and DeFranco received the substance and paid the defendant $900.

After the substance was chemically tested, it was determined that it contained lysergic acid diethylamide (LSD) rather than mescaline or any other controlled substance.

As previously noted, defendant was indicted and tried for the offense of

selling LSD. Section 401(a) of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401) states:

" * * * it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this Section with respect to: (a) the following controlled substances and amounts, notwithstanding * * * is guilty of a Class 1 felony * * *. (7) 300 grams or more * * * (v) 3, 4, 5-trimethoxyphenethylamine (mescaline) other than peyote; (8) 30 grams or more of any substance containing lysergic acid diethylamide (LSD). * * *."

The defendant concedes that under the former law which proscribed, among other acts, the sale or possession of any "narcotic drug" it was presumed that one who possessed or controlled a narcotic drug knew its nature *(People v. Pigrenet,* 26 Ill. 2d 224 (1962): *People v. Davis,* 33 Ill. 2d 134 (1965); *People v. Pugh,* 36 Ill. 2d 435 (1967)); but he argues that this presumption does not apply to the Controlled Substances Act because it is differently conceived from the previous legislation. He reasons that under the former law it made no difference what particular kind of narcotic drug a defendant possessed because the same penalties were applicable to any of them; but that when penalties are differentiated as in the Controlled Substances Act by the particular substance possessed (and, for a Class 1 felony, by the weight of the substance containing the controlled substance) there is no foundation for the presumption that possession infers knowledge of the particular drug. He reasons that if we do not require proof of knowledge of the particular controlled substance, an absolute liability offense would result and that this was not intended since "knowingly" would then be a meaningless phrase in the act.

The State responds that "knowingly" must be read in a realistic manner so that if an accused knows he is delivering a controlled substance, he commits the criminal act as specified in the first paragraph of section 401 and that it then becomes a question of proving the nature of the substance and the weight to determine the particular penalty to be applied. We agree.

Section 401 of the Controlled Substances Act says, " * * * it is unlawful for any person knowingly to * * * deliver * * * a controlled substance." The criminal offense charged against the defendant and for which he was convicted is the knowing delivery of a controlled substance. (See *People v. Kadlec,* 21 Ill. App. 3d 289, 296 (1974).) If the accused knows he is delivering a controlled substance, he commits the criminal act specified in the first paragraph of section 401, even though he may erroneously have thought that it was mescaline when in fact it was LSD.

It is not reasonable to assume that the legislature intended that the State prove that the accused knew the exact nature or chemical name of the

controlled substance. This would lead to the absurd result, as the State suggests, that drug dealers would only be liable for selling the drug they thought they were selling. This approach would make the statute inapplicable to one who had not personally performed a chemical analysis of the substance containing the controlled substance.

The proof of the nature of the substance containing the controlled substance is, in the statutory scheme, only material to the determination of the penalty to be applied upon conviction.

The argument of the defendant that he was not proved guilty beyond a reasonable doubt is based upon his lack of knowledge of the precise nature of the controlled substance. It must therefore fail based upon our conclusion as to the knowledge required for conviction.

Defendant also contends that although he received the minimum sentence provided by statute that we have power to reduce the sentence and should do so and grant probation. He is a first offender with no previous record except for traffic offenses.

While defendant acknowledges the fact that the Class 1 felony of which he was convicted is nonprobationable under the statute (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—5—3(d)(1) and 1005—8—1), he characterizes his sentence as cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and of section 11, article I, of the Illinois Constitution.

■■ However, the constitutionality of mandatory minimum provisions have been upheld in numerous Illinois cases. (See, *e.g., People v. Koeppen*, 21 Ill. App. 3d 478, 481-82 (1974); *People v. Hamann*, 28 Ill. App. 3d 737 (1975); *People v. Oestringer*, 24 Ill. App. 3d 185, 189-90 (1974).) Statutes which prohibit probation for certain drug offenses have been held not to thereby provide cruel and unusual punishment. See, *e.g., United States v. Martinez*, 481 F.2d 214, 221 (5th Cir. 1975), *cert. denied*, 415 U.S. 931; *United States v. DelToro*, 426 F.2d 181, 183 (5th Cir. 1970), *cert. denied*, 400 U.S. 829; *Stewart v. United States*, 325 F.2d 745, 746 (8th Cir. 1964), *cert. denied*, 377 U.S. 937; *State v. White*, 254 La. 389, 223 So. 2d 843, 845 (1969).

■■ In view of the seriousness of the offense and the evil sought to be alleviated, we cannot conclude that the legislative provision is so unreasonable and arbitrary as to offend either Federal or State constitutional limitations. The trial judge expressed understandable doubts that he would have imposed the statutory minimum if he were given discretion to do otherwise. The result is a hard one given the particular circumstances. We agree, however, that he had no choice.

■■ We are not granted the power under Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615) to reduce a penitentiary sentence to probation *(People v. Bolyard*, 61 Ill. 2d 583, 587-89 (1975)). Nor do we

have authority to reduce a sentence of imprisonment below the minimum limit set by the legislature in a valid enactment. See *People v. Powell,* 9 Ill. App. 3d 722, 725 (1973); *cf. People v. Dudley,* 46 Ill. 2d 305, 311 (1970), *cert. denied,* 402 U.S. 910 (1971).

The judgment is therefore affirmed.

Affirmed.

GUILD, P. J., and HALLETT, J., concur.