PEOPLE v CAMPBELL

DRUGS AND NARCOTICS—CRIMINAL LAW—CONTROLLED SUBSTANCES—
    TETRAHYDROCANNABINOLS (THC)—MARIJUANA—SALE OF MARI-
    JUANA—STATUTES.
    Sale of natural tetrahydrocannabinols (THC) is covered by that
    portion of the Controlled Substances Act which deals with the
    sale of marijuana and carries a maximum penalty of four
    years, and not by that portion of the act which deals with
    synthetic THC which carries a maximum penalty of seven
    years (MCLA 335.301 *et seq.;* MSA 18.1070[1] *et seq.).*

Appeal from Shiawassee, Peter J. Marutiak, J.
Submitted June 16, 1976, at Lansing. (Docket No.
25401.) Decided November 23, 1976.

Scott Campbell was convicted of selling a con-
trolled substance. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Gerald D. Lostracco,*
Prosecuting Attorney, and *Daniel J. Loomis,* Chief
Assistant Prosecutor, for the people.

*Hoschner* and *Kurrle,* for defendant.

Before: BRONSON, P. J., and BEASLEY and D.
ANDERSON, JR.,* JJ.

BEASLEY, J. Defendant, Scott Campbell, was
charged with and convicted by a jury of selling the
controlled substance, tetrahydrocannabinols (THC),

REFERENCE FOR POINTS IN HEADNOTE
    25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 34, 35, 37, 45.
    * Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

contrary to MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). Conviction on this charge carries a seven-year maximum penalty. Defendant was sentenced to not less than three nor more than seven years in prison.

THC is most commonly found in its natural state, being the active ingredient in marijuana, but it can also be produced synthetically. In the present case, it was uncontroverted that the substance sold by the defendant contained natural THC. Based on this fact, the defendant contended, both at trial and originally in this appeal, that he should have stood trial for sale of marijuana, a four-year felony, rather than the charged offense. He pointed to the language of the Controlled Substances Act, MCLA 335.301 *et seq.;* MSA 18.1070(1) *et seq.,* and argued that the act intended to include the sale of only synthetic THC in the category of narcotics carrying a seven-year penalty, while it intended sale of natural THC to be punished only under the provisions dealing with marijuana. On appeal the prosecution has agreed that the defendant's interpretation of the relevant provisions of the Controlled Substances Act is the correct interpretation of those provisions. This Court agrees. The language of the act supports this conclusion. Unless the statute is so interpreted, any person selling marijuana could be charged with sale of THC and become subject to the greater penalty since all marijuana contains at least a trace of natural THC. In enacting the Controlled Substances Act, the Legislature did not intend such an anomalous result.

Reversed.