## 53075. DAVIS v. THE STATE.

SMITH, Judge.
The appellant, M. M. Davis, was charged with the offense of murder and convicted of voluntary manslaughter. He appealed enumerating as error the insufficiency of the evidence to convict or authorize a charge on voluntary manslaughter and other grounds. *Held:*

1. The evidence showed a quarrel between the defendant and the deceased in the house of defendant's girl friend after he had slapped the girl friend for trying to hide the fact that she was there with the deceased. After a short quarrel, defendant walked outside and was followed by the girl friend. The deceased came to the door with a knife and invited the defendant to talk it out or fight it out. The deceased reentered the house and in five to fifteen minutes the defendant reentered the house and as he walked into the house, according to the defendant, the deceased jumped up from the sofa in the dimly lit room with arm upraised and the defendant shot and killed him with a pistol he claimed he previously had on his person. According to the state's evidence, the defendant stood in the doorway and shot the deceased as he sat on the sofa. The charge on, and conviction of, voluntary manslaughter was authorized by the evidence. Code § 26-1102. We cannot hold as a matter of law that five to fifteen minutes "cooling off" is so long as to make the act of killing murder rather than voluntary manslaughter. In *Gillespie v. State,* 236 Ga. 845 (225 SE2d 296), a period of approximately 24 hours had elapsed.

2. The following charge was given: "The law presumes that a person intends to accomplish the natural and probable consequences of his acts and if a person uses a deadly weapon or instrumentality in the manner in which such a weapon or instrumentality is ordinarily employed to produce death, and thereby causes the death of a human being, the law presumes the intent to kill." The charge is enumerated as error on the grounds that it impermissibly shifts the burden of proving an element of the state's case to the defendant, forcing the defendant to adduce proof of his innocence; and it violated the due process of law clause of the Fourteenth Amendment of the United States Constitution, "which requires that the prosecution must prove beyond a reasonable doubt every factor necessary to constitute the crime charged."

The charge was a correct charge of the law. *Delk v. State,* 135 Ga. 312 (3) (69 SE 541); *McLeod v. State,* 128 Ga. 17 (4) (57 SE 83). The charge was a statement of the law as to a presumption arising from proof of certain facts, and placed no burden upon the defendant to disprove the

intent to kill. This charge comports with the ruling in Barnes v. United States, 412 U. S. 837, 843 (93 SC 2357, 37 LE2d 380). that, if the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt, as well as the more-likely-than-not-standard, then it clearly accords with due process.

Nor did the state's evidence show mitigating circumstances, justification, or alleviation, as was true in *Jordan v. State,* 232 Ga. 749 (5) (208 SE2d 840) involving a charge on a presumption of murder or a presumption of malice under certain circumstances and where the state's evidence was sufficient to show either that the homicide was justified or that the accused was guilty of only voluntary manslaughter. In the present case the charge on the presumption as to intent under certain circumstances was a charge applicable alike to murder and voluntary manslaughter, as an intent is necessary in both. See in this connection *Henson v. Scoggins,* 203 Ga. 540, 541 (4) (47 SE2d 643); *Mixon v. State,* 7 Ga. App. 805 (4) (68 SE 315). There was no state's evidence of justification or as to involuntary manslaughter, in which latter instance intent would not be a factor.

3. After the jury went into the jury room, a message was sent to the trial judge regarding a recharge. The trial judge addressed the following remark to the jury and recharged accordingly: "I assume — from your inquiry that what you desire from the court is further definition or a definition respecting murder and manslaughter. I assume that is what you want. I therefore charge you in that regard." The trial judge then stated, "I instruct you that in giving you those instructions, you shall bear in mind each and every other instruction heretofore given you respecting justification and self defense in this case and that regard — I have one other charge I think I should submit to you." He then gave another charge on self-defense. Immediately thereafter the trial judge again stated to the jury "you shall bear in mind and you shall consider each and every charge that the court gave you in its principal charge on the question of reasonable doubt and on other theories on the law which the court submitted to you." Error is enumerated because the trial

court failed, in its recharge, to charge on self-defense as completely as it did in its principal charge. "The general rule is that the court's charge must be construed as a whole, and if a required part alleged to be omitted at a particular place is elsewhere contained in it, the charge is without error. *Marcus v. State,* 76 Ga. App. 581 (46 SE2d 770). And it has been held, 'When the court has charged, fully, all the law of the case, and the jury, after consulting, return for further instructions upon some particular point, the court is not bound to repeat all the law favorable to the accused.' *Hatcher v. State,* 18 Ga. 460 (5); *Carrigan v. State,* 206 Ga. 707 (10) (58 SE2d 407)." *Bennett v. State,* 108 Ga. App. 881 (134 SE2d 847). There is no contention here that the portion of the law recharged at the request of the jury was incomplete, as was the case in *Bennett v. State,* 108 Ga. App. 881, 882, supra.

4. A witness for the state was being cross examined by the counsel for defendant as to her feelings about the defendant, and the following occurred: "Mike [defendant] tells a whole bunch of lies — Question: So that is the way you were feeling before the night of the shooting? Witness: I had been felt like that way back there last year when he first got out of jail." Error is enumerated on the grounds that this statement placed the defendant's character in issue and was unresponsive to the question. No objection having been made in the court below, or request for any action by the trial judge thereon, no question is presented for review in this court. See *Phillips v. State,* 108 Ga. App. 540 (1) (133 SE2d 708).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 2, 1976 — DECIDED JANUARY 5, 1977.

*Richard L. Sloss,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.