KABAT, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–864–CR. Submitted on briefs February 2, 1977.—Decided March 1, 1977.*

(Also reported in 251 N. W. 2d 38.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Melvin F. Greenberg,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

HANLEY, J.   The single issue raised on this appeal is whether the evidence was sufficient to support the conviction for possession of marijuana.

To convict an individual of possession of a controlled substance, the prosecution must prove not only that the defendant was in possession of a dangerous drug but also that he knew or believed he was. *State v. Christel,* 61 Wis.2d 143, 159, 211 N.W.2d 801 (1973).

In this case, the issue is not whether Kabat possessed a controlled substance but whether he knew he did.  There is no dispute that the ash in the pipe contained ingredients of marijuana or that Kabat possessed the pipe.

Kabat contends the evidence was insufficient because the amount and form of the drug in the pipe did not permit the trier of fact to infer that Kabat had knowledge of its presence.

In *People v. Melendez,* 225 C.A.2d 67, 37 Cal. Rptr. 126 (1964), and *People v. Aguilar,* 223 C.A.2d 119, 35 Cal. Rptr. 516 (1963), California District Courts of Appeal reversed convictions where the quantity and form of the drugs were such that it could not be said their presence reasonably imputed knowledge to the defendants.  In *Aguilar,* a chemist found that scrapings from

two spoons contained heroin. In *Melendez,* a chemist found that a black substance scraped from a bamboo pipe contained active ingredients from marijuana. In *Melendez,* the court relied on and explained the rationale of *Aguilar:*

"It is not scientific measurement and detection which is the ultimate test of the known possession of a narcotic, but rather the awareness of the defendant of the presence of the narcotic. Guilt or innocence on a charge of illegal possession may not be determined solely by the skill of the forensic chemist in isolating a trace of the prohibited narcotic in articles possessed by the defendant. (Pp. 122–123.) Accordingly, the essence of the holding in *Aguilar* is that '[t]he presence of the narcotic must be reflected *in such form* as reasonably imputes knowledge to the defendant.' (P. 123; italics added.)" *Melendez,* supra, at 71 quoting from *Aguilar,* supra.

In *United States v. Jeffers,* 524 F.2d 253 (7th Cir. 1975), the court rejected the "usable quantity" doctrine and explained it was not necessary because:

"An adequate instruction on what inferences with regard to a defendant's knowing possession can be drawn from the fact of physical possession of a controlled substance in such circumstances solves the problem without reference to the 'usable quantity' doctrine." *Jeffers,* supra, at 257.

The Seventh Circuit then quoted with approval the statement from *Aguilar* that the awareness of the defendant of the presence of the narcotic, not scientific measurement and detection, is the ultimate test of the known possession of a narcotic.

In the instant case, the pipe contained less than one-half of a gram of ash material. Under the circumstances of the case it cannot be said that the presence of the narcotic was reflected in such a form as reasonably imputed knowledge to Kabat that it was marijuana. *Melendez,*

supra, at 73. A lay person could not be expected to know whether the burnt material in the pipe still contained ingredients of the controlled substance. *Melendez*, supra, at 69–70, n. 4. Accordingly, a finding that Kabat "possessed" marijuana is not warranted within the requirement of knowing possession, and the evidence is not sufficient to sustain a conviction of knowing possession of the narcotic.

This result does not overrule *Fletcher v. State*, 68 Wis. 2d 381, 384–85, 228 N.W.2d 708 (1975), or *State v. Dodd*, 28 Wis.2d 643, 651, 137 N.W.2d 465 (1965), which rejected the "usable amount" test and held that possession of a modicum of an illegal drug is sufficient to bring the defendant within the purview of the statute.

This case holds only that the amount and form of the substance found in the pipe is not sufficient to impute to Kabat knowledge that the substance contained ingredients of marijuana.

The State has pointed out that Kabat obtained not only a writ of error to review the order of the circuit court but also a writ of error to review the judgment in the county court; and correctly notes that the error to review the judgment should be dismissed.

*By the Court.*—The order of the circuit court is reversed, with directions to dismiss the complaint. The writ of error to review the judgment of the county court is dismissed.