## 54781. WEAVER v. THE STATE.

SMITH, Judge.

The appellant, who was convicted for selling heroin, appeals enumerating ten errors. The enumerations are directed at the admission and exclusion of certain evidence, at the charge to the jury, and at the sufficiency of the evidence, but we find no reversible error and affirm.

1. It was not error to admit evidence seized from the appellant's person during a search incident to his arrest

for the sale of drugs. Evidence introduced at the hearing on the motion to suppress showed the following: A police informant, who had recently been arrested for drug violations, approached police officers in an apparent attempt to enhance his position with them. He told them that the appellant was engaged in selling illicit drugs, and he produced a red and yellow capsule which he claimed to have bought from the appellant. He likewise furnished the police officers with a description of the appellant. At the officers' request, the informant set up a controlled drug buy wherein he was to meet the appellant in an open area and pay for drugs with marked money, all this under covert surveillance. The concealed police officer watched the informer meet the appellant; he noted that the appellant was acting nervously; and, when he saw the parties apparently complete the transaction, he moved in and arrested the appellant for the sale of drugs. A search of the appellant's person revealed the drugs sought to be suppressed.

In our view, the officer's probable cause to believe that a crime was being committed in his presence was founded on the cumulative effect of the informant's hearsay and the officer's own observations, though either alone would certainly have been insufficient. The only significant question is whether the informer's hearsay meets the legal requirements for hearsay as an underlying source of the probable cause determination. Under Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964), as explicated by Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), the reviewing court must be presented with (1) facts from which to conclude that the informer has an ascertainable basis for his knowledge (Cochran v. State, 136 Ga. App. 94, 96 (220 SE2d 83) (1975); Lowery v. State, 135 Ga. App. 423 (218 SE2d 132) (1975)); and (2) facts from which to conclude that the informant was reliable. McGuire v. State, 136 Ga. App. 271, 273 (220 SE2d 769) (1975); Bell v. State, 128 Ga. App. 426, 427 (196 SE2d 894) (1973). These facts are readily apparent here. The informant produced a drug capsule, reasonably suspected to be illicit, which he claimed to have purchased from the appellant. This suffices to explain the basis of the informant's knowledge

about the appellant's activities. And the informant, by volunteering information about his possession of the illegal capsule, subjected himself to potential criminal prosecution. Such actions against his penal interest support a conclusion that he was speaking truthfully.

Hence, we conclude that the informant's hearsay was properly relied upon; that when coupled with the officer's direct observations it gave probable cause to believe that the appellant was violating the law; that the arrest and incident search were therefore lawful; and, thus, that the motion to suppress was properly overruled and the evidence was properly admitted at trial.

2. There is no merit in the contention that the trial court erred in refusing to sequester a police officer during the hearing on the motion to suppress, for the officer did not testify at that hearing. Moreover, the officer *was* later sequestered at the trial, and when he was called to testify no objection was raised on the grounds that he had not been sequestered at the earlier hearing.

3. Similarly, the contention, that the defense was unjustifiably impaired in its investigation of the case by the alleged refusal of the informant to be interviewed, presents nothing for review. No objection was interposed when the informant was called to testify, and the court was not otherwise requested to take action on the matter. *Davis v. State,* 140 Ga. App. 890 (232 SE2d 164) (1977). Likewise, chain-of-custody objections were not raised below and present nothing for review.

4. The district attorney did not err, when cross examining the appellant, in asking why a certain party had not been called to testify. The appellant had indicated that the party, who was present in the courtroom, could contradict certain of the state's proof. Under those circumstances, the state had a right to ask why the witness had not been called to rebut the proof. *Byington v. State,* 106 Ga. App. 247 (5) (126 SE2d 698) (1962); *Delvers v. State,* 139 Ga. App. 119 (3) (227 SE2d 844) (1976).

5. The appellant's trial counsel, when cross examining the informant, who appeared as a state witness, asked him, "Have you ever had any State Court charges pending against you?" The state's objection that the question was improper impeachment was properly

sustained. *Herrin v. State,* 138 Ga. App. 729 (6) (227 SE2d 498) (1976). Nor did the exclusion of this testimony prevent the appellant from showing potential bias on the witness' part, for the appellant's counsel had been allowed wide latitude in delving into the bias issue, both with the informant and with other witnesses.

6. The evidence supported the verdict. Specifically, the appellant contends there was insufficient evidence of intent, because the drug buy situation allegedly set up between the informant and the appellant was supposed to have been for the sale of "THC," or tetrahydracannabinol, a Schedule I controlled substance. Ga. L. 1974, pp. 221, 231 (Code Ann. § 79A-806). Subsequent lab analysis showed the involved substance to be heroin, and the appellant was therefore charged with the sale of heroin, also a Schedule I drug. The appellant now argues that the only intent supported by the evidence was an intent to sell THC. The appellant's misapprehension of this fact does not relieve him of criminal responsibility. The elements of the crime are the same, and the prescribed punishment is the same, for selling any Schedule I substance. An intent unlawfully to sell a controlled substance is all that is required, and this intent was properly inferable from the evidence.

7. The remaining enumerations of error deal with the trial court's charge and recharge to the jury. The charges, in all respects, were adequate, accurate, and fairly adjusted to the evidence and issues before the jury. These enumerations are without merit.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED OCTOBER 31, 1977 — DECIDED FEBRUARY 14, 1978 — REHEARING DENIED MARCH 8, 1978 — CERT. APPLIED FOR.

*Al Horn, Reber F. Boult, Jr.,* for appellant.
*C. B. Holcomb, District Attorney, Frank C. Mills, Assistant District Attorney,* for appellee.