STATE of Wisconsin, Plaintiff-Respondent,

v.

Rex Allen SMALLWOOD, Defendant-Appellant.†

Court of Appeals

No. 79–1743–CR. *Submitted on briefs April 24, 1980.—Decided May 27, 1980.*
(Also reported in 294 N.W.2d 51.)

† Petition for review denied.

For the defendant-appellant, a brief was submitted by *Mark Lukoff,* first assistant state public defender of Milwaukee.

For the plaintiff-respondent, a brief was submitted by *Bronson C. La Follette,* attorney general, and *Michael C. Klos,* assistant attorney general.

Before Voss, P.J., Brown and Bode, JJ.

VOSS, P.J.    Defendant Smallwood appeals from a conviction of delivery of tetrahydrocannabinol (THC). On appeal, defendant contends the State violated the Fourteenth Amendment to the United States Constitution because it did not produce evidence beyond a reasonable doubt that defendant knew the substance he delivered was THC. We disagree with the defendant and affirm the trial court.

At trial, the court held that the State has to prove knowledge on the part of the defendant that he was delivering a controlled substance. However, the State does not have to prove the defendant knew the specific nature of the controlled substance he was delivering. On appeal, defendant argues the State must prove knowledge on the part of the defendant that the substance delivered was THC. According to defendant, the states of Georgia, Michigan and Texas have decided the issue and concluded that knowledge of the specific substance must be proven.

Section 161.14, Stats., states the following:

Schedule I.    (1)  The controlled substances listed in this section are included in schedule I.

. . . .

(4) Any material, compound, mixture or preparation which contains any quantity of the following hallucinogenic substances, their salts, isomers and salts of isomers, unless specifically excepted, whenever the existence of these salts, isomers and salts of isomers is possible within the specific chemical designation:

. . . .

(k) Marijuana;

. . . .

(t) Tetrahydrocannabinols; . . . .

In *State v. Christel,* 61 Wis.2d 143, 211 N.W.2d 801 (1973), the Wisconsin Supreme Court discussed an evidence question concerning the seller's knowledge of the identity of the drug being sold.

Under sec. 161.30(12) (d), Stats. 1969, the prosecution must prove not only that the defendant is in possession of a dangerous drug but also that he knows or believes that he is. Thus, as to the first evidence question raised on this appeal here, the prosecution was required to show that Christel and Suzor knew or believed the package in their possession contained marijuana. [Footnote omitted.] *Christel, supra,* at 159, 211 N.W.2d at 809.

At first glance, this statement appears to support defendant's contention that the State must prove knowledge of the specific nature of the controlled substance delivered.

However, the supreme court in *Lunde v. State,* 85 Wis. 2d 80, 89–90, 270 N.W.2d 180, 185 (1978), discussed the purpose of the *Christel* rule:

In *Christel,* however, the question before the jury was not whether the defendant knew the nature of a controlled drug admittedly in his possession, but whether he knew that the substance was marijuana, *as contrasted to some completely innocuous or uncontrolled substance.* . . .

. . . .

The very purpose of the *Christel* rule, that is, *to make sure that there be a specific intent to possess or deliver a*

*prohibited substance,* was not at issue in the instant case, nor was there any intimation that the delivery of the controlled substance was innocent, inadvertent, or accidental. [Emphasis added.]

The supreme court in *Lunde* clarifies the *Christel* holding. The purpose of the rule is to make sure that there be a specific intent to possess or deliver a prohibited substance, not a particular prohibited substance. In *Christel,* the issue was not whether the defendant knew the nature of a controlled drug but whether he knew the substance was marijuana as contrasted to an uncontrolled substance. We do not believe the rulings in *Christel* and *Lunde* are dispositive of the issue in this case.

The Wisconsin courts have not addressed a factual situation similar to the one now before this court. Defendant has cited cases from Georgia, Michigan and Texas as authority for his proposition that knowledge of the nature of the specific substance must be proven. However, those authorities are inappropriate.[1] All three of those jurisdictions provide for a different treatment of THC and marijuana. The fallacy of the defendant's argument is clearly demonstrated by reference to *Weaver v. State,* 145 Ga. App. 194, 243 S.E.2d 560 (1978), which addressed the same Georgia Controlled Substances Act

[1] Defendant relies on *Aycock v. State,* 146 Ga. App. 489, 246 S.E.2d 489 (1978); *People v. Campbell,* 72 Mich. App. 411, 249 N.W.2d 870 (1976); and *Few v. State,* 588 S.W.2d 578 (Tex. Crim. App. 1979). However, these rulings are based on the recognized scientific fact that THC is not only found in a natural state as an ingredient in marijuana but can also be synthetically produced. These three states believe that THC, synthetically produced, deserves separate treatment in the Controlled Substances Act. Thus, these states have provided a more severe penalty for the possession or delivery of synthetically produced THC as contrasted with the possession or delivery of marijuana which contains THC in a natural state. In view of this separate treatment, we believe these cases are clearly distinguishable and are not controlling in the present case.

which the defendant argues requires a knowledge of the specific nature of the substance.

In *Weaver*, the defendant was arrested following a controlled drug buy. The transaction was supposed to be one for the sale of THC, a Schedule I controlled substance under Georgia law. A subsequent analysis, however, revealed the substance to be heroin, also a Schedule I drug. Defendant contended the only intent supported by the evidence was an intent to sell THC. Therefore, there was insufficient evidence of intent to sell heroin. In response, the Georgia court stated the following:

The [defendant's] misapprehension of this fact does not relieve him of criminal responsibility. The elements of the crime are the same, and the prescribed punishment is the same, for selling any Schedule I substance. An intent unlawfully to sell a controlled substance is all that is required, and this intent was properly inferable from the evidence. *Weaver, supra,* at 197, 243 S.E.2d at 562.

This court believes *Weaver* is precisely on point. In Wisconsin, marijuana and THC are Schedule I substances. The elements of the crime are the same, and the prescribed punishment is the same.[2] As long as these facts are present, we believe it is unreasonable to assume that the legislature intended that the State prove that the accused knew the exact nature or chemical name of

---

[2] Section 161.41, Stats., reads as follows:
Prohibited acts A—penalties. (1) Except as authorized by this chapter, it is unlawful for any person to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to:

. . . .

(b) Any other controlled substance classified in schedule I, II or III, may be fined not more than $15,000 or imprisoned not more than 5 years or both; . . . .

This subsection and prescribed penalty apply to marijuana and/or THC.

the controlled substance.[3] The only knowledge required is the knowledge of the controlled nature of the substance.

In conclusion, those cases dealing with the Uniform Controlled Substances Act have recognized that the essential element for proving an offense of delivery is that the defendant knew or believed the substance was a controlled substance. Knowledge as to the exact nature or chemical name of the controlled substance is necessary only when the evidence points to substances of different schedules and different penalties. The states which require this higher degree of knowledge have amended the Uniform Controlled Substances Act to provide a separate and more severe penalty for the possession or delivery of synthetically produced THC. Section 161.61, Stats., provides that ch. 161, Stats., shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of the chapter among those states which enact it. We feel that the interpretation stated in this opinion effectuates this uniformity of interpretation.

Thus, the defendant's claim of a fourteenth amendment violation is rejected, and the trial court judgment is affirmed.

*By the Court.*—Judgment affirmed.

---

[3] *See also People v. James,* 38 Ill. App.3d 594, 348 N.E.2d 295 (1976).